## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| JANELLE RODGERS,<br><br>               Plaintiff,<br><br>v.<br><br>VALLEY COUNTY, LUKE STROMMEN,<br>& JOHN DOES 1-3,<br>               Defendants. | **CV-20-105-GF-BMM**<br><br><br>**ORDER ON MOTION FOR<br>PARTIAL SUMMARY<br>JUDGMENT** |

### INTRODUCTION

Plaintiff Janelle Rodgers ("Rodgers") has filed a motion for partial summary judgement on Count IV (Battery), Count VI (Intentional Infliction of Emotional Distress), and Count IX (Punitive Damages) against Defendant Luke Strommen ("Strommen"). (Doc 54; Doc. 55 at 5-6.) Rodgers also asks the Court to enter summary judgment on an element of her claim of negligent retention and negligent supervision against Defendant Valley County, specifically on the element that Strommen was incompetent or unfit for the position held. (Doc. 55 at 6.) Defendants oppose the motion. (Docs. 86 and 70.) The Court held a hearing on January 13, 2025. (Doc. 78).

1

**BACKGROUND**

Rodgers filed a complaint against Strommen and Valley County on November 20, 2020. (Doc. 1.) Rodgers brought claims against Strommen individually including the following claims: battery, intentional infliction of emotional distress, and violations of 42 U.S.C. ¶ 1983. (*Id.* ¶ 23, 29, 37.) Rodgers alleges that Strommen first sexually abused Rodgers while she stayed in a hotel room with Strommen and his family. (*Id.* ¶ 5.) Rodgers further alleges that Strommen continued to sexually abuse Rodgers for years, including encounters while Strommen was on duty as a law enforcement officer for Valley County in Glasgow, Montana. (*Id.* ¶ 6.)

Strommen was criminally charged for the above conduct. Strommen entered into a plea agreement with the State of Montana on the charge of sexual intercourse without consent on February 17, 2025. (Doc. 55 at 1.) Strommen agreed to admit to certain facts at his change of plea hearing. (*Id.*) Strommen plead guilty to one count of sexual intercourse without consent and was sentenced on August 25, 2025. (Doc. 58 at 1.)

Rodgers also brought the following claims against Strommen's employer, Valley County: negligent hiring, negligent supervision, negligent retention, negligent infliction of emotional distress, vicarious liability, and punitive damages. (Doc. 1.) Rodgers alleges that the sexual intercourse without consent occurred within the course and scope of Strommen's employment with Valley County. (*Id.*)

## LEGAL STANDARD

Summary judgment proves appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine material fact dispute requires sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.* at 248.

## DISCUSSION

Rodgers argues that judicial estoppel should apply to bind the admissions Strommen made during his plea colloquy in this civil case. (Doc. 55 at 4.) Rodgers next contends that these admissions made by Strommen entitle Rodgers to summary judgment on various claims asserted against both Strommen and Valley County. (*Id.* at 4-6.) The Court will address whether judicial estoppel applies under these circumstances. The Court will then analyze Rodgers's claims to determine if summery judgment proves appropriate.

### I.    Judicial Estoppel Doctrine

"Judicial estoppel forbids a party from taking a position inconsistent with one successfully and unequivocally asserted by the same party in a prior proceeding." *Shekinah Gold Mines v. United States, IRS (In re Knopf),* 190 B.R. 647 (Bankr. D. Mont. 1995). Successful assertion requires that the opponent took a

"contrary position under oath in a prior proceeding and that the prior position was accepted by the court." *Id.* (quoting *Teledyne Industries, Inc. v. NLRB*, 911 F. 2d 1214, 1217 (6th. Cir. 1990)). Courts have "applied judicial estoppel to preclude a party in a civil lawsuit from asserting facts inconsistent with the facts to which the party admitted during a plea colloquy in a prior criminal proceeding." *State Farm Fire & Cas. Co. v. Hansen*, 2022 U.S. Dist. LEXIS 49963, at *18 (D. Mont. 2022) (citing *Bradford v. Wiggins*, 516 F. 3d 1189 (10th Cir. 2008); *Lowery v. Stovall*, 92 F. 3d 219, 224-25 (4th Cir. 1996)).

A court must look to the following non-exhaustive factors when analyzing whether judicial estoppel proves appropriate: (1) that a party's later position is clearly inconsistent with an early one; (2) that the party persuaded a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in the later proceeding would create "the perception that either the first or the second court was misled;" and (3) that the party would derive an unfair advantage on the opposing party if not estopped. *New Hampshire v. Maine*, 532 U.S. 742, 750-51 (2001).

### a. Whether Strommen's plea colloquy estops him from making contrary statements.

Rodgers argues that the Court should judicially estop Strommen from taking a position contrary to his sworn statements made in during his plea colloquy. (Doc.

55 at 5.) The Court agrees. Strommen agreed in his plea agreement with the State

of Montana to admit the following facts at his change of plea hearing:

a. He is pleading guilty to the offense of Sexual Intercourse Without Consent, a felony, because he is in fact guilty of this offense. The Defendant also agrees that he is completely satisfied with his attorneys Casey Moore and Annie Dewolf and that they have answered all his questions. The Defendant does not need any additional time prior to changing his plea to guilty.

b. The Defendant agrees that at the time of the offense, J.R. was less than 16 years old and he was 3 or more years older. The offense of Sexual Intercourse Without Consent took place between September 1, 2009, through January 9, 2011, at a time J.R. was less than 16 years of age.

c. The Defendant was present in Court when J.R. testified in the prior trial in July 2020. The Defendant agrees and will admit at the change of plea hearing that J.R.'s testimony regarding the Defendant's sexual interaction with her was truthful.

d. As part of the consideration for the State to enter into this agreement and for J.R. to agree to this agreement, the Defendant agrees and will admit at the change of plea hearing that he had sexual intercourse with the victim, J.R., occurred at the following places.
   a. At the Defendant's residence in Glasgow, MT;
   b. At a hotel room in Great Falls, MT;
   c. In Defendant's patrol car;
   d. In Defendant's family car; and
   e. At Defendant's friend's cabin.

Strommen admitted these agreed upon facts while under oath at his change

of plea hearing. Strommen admitted that he engaged in sexual intercourse without

Rodgers's consent between September 1, 2009, and January 9, 2011. (Doc. 75 at

3.) Strommen admitted that Rodgers's age of under 16 years rendered her

incapable of providing consent. (*Id.*) Strommen further admitted that Rodgers's

testimony regarding the sexual encounters was truthful. (*Id.* at 4.) Lastly,

Strommen affirmed that the sexual encounters took place at his residence in

Glasgow, Montana, a hotel room in Great Falls, Montana, his patrol car, his family

car, and a friend's cabin. (*Id.* at 5.) Strommen's change of plea hearing transcript

confirms such factual admissions occurred. (*See* Doc. 76-1 at 9-11.)

Strommen cannot dispute that he pled guilty to the crime of sexual

intercourse without consent with Rodgers, as conceded by Strommen. (Doc. 70 at

2.) Strommen's admissions made under oath during his plea colloquy cannot be

contradicted by Strommen in this civil action. For example, Strommen may not

contend that he did not have sexual intercourse without Rodgers's consent, that the

sexual acts did not occur at the five agreed locations, or that the date range in

which the acts occurred differed from what was agreed. Strommen also testified

under oath that Rodgers's prior testimony at his criminal trial was truthful

regarding the sexual encounters.

To apply judicial estoppel against Strommen proves appropriate under the

facts of this case. Strommen persuaded the previous court, under oath, that he was

testifying truthfully when pleading guilty to the charge of sexual intercourse

without Rodger's consent. It would remain unfair to allow Strommen to assert a

position in this case inconsistent to his position taken in his earlier sworn

admissions. The Court prohibits Strommen from asserting facts in this civil action

that conflict with the facts that he admitted during his plea colloquy regarding the

sexual encounters with Rodgers.

### b.  Whether statements made by Strommen bind Valley County

Valley County argues that Strommen's admissions and the doctrine of

judicial estoppel cannot bind a non-party based on statements made by someone

else. (Doc. 68 at 5.) Valley County asserts that it was not a party to Strommen's

previous criminal case and did not take a previous litigation position that can be

estopped. (*Id.*) Rodgers counters that Strommen's statements can bind Valley

County because Valley County stood in privity to Strommen in the previous

criminal proceeding. (Doc. 75 at 7.) The Court disagrees.

A party need not be identical to apply judicial estoppel. *Capsopoulos v.

Charter*, 1996 U.S. Dist. LEXIS 18330, at *9 (N.D. Ill. 1996). Judicial estoppel

may apply to non-parties of the previous suit if the non-party stands in privity with

the estoped party from the earlier proceeding. *United States v. Alaska*, 2024 U.S.

Dist. LEXIS 58810, at *15 (D. Ala. 2024). Numerous courts have similarly

extended the doctrine of judicial estoppel to a party in privity with the party from

the prior proceedings. *See Milton H. Greene Archives, Inc. v. Marilyn Monroe

LLC,* 692 F.3d 983, 996 (9th Cir. 2012); *Milton H. Greene, Inc. v. CMG

Worldwide, Inc.*, 2008 U.S. Dist. LEXIS 71690, at *135-40 (C.D. Cal 2008).

The Ninth Circuit has defined privity to describe when a party remains "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *Stratosphere Litig. LLC v. Grand Casinos, Inc.*, 298 F.3d 1137, 1142 n.3 (9th Cir. 2002). Privity exists when the party and non-party possess a commonality of interests. *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F. 3d 1064, 1081 (9th Cir. 2003). An employee-employer relationship may give rise to privity, if there exists adequate representation of the non-party's interest in the previous action. *Josephs v. Gallatin County*, 385 Fed. Appx. 671 (9th Cir. 2010); *Thaut v. Hsieh*, 2016 U.S. Dist. LEXIS 70781, at *80 (E.D. Cal. 2016); *Lyons v. Warner*, 2023 U.S. Dist. LEXIS 199192, at *20-21 (D. Mont. 2023).

The circumstances prove similar to *Carrigg v. Cannon*, 552 S.E.2d 767 (S.C. Ct. App. 2001). In *Carrigg*, a deputy officer while on duty was speeding and driving without his lights on when he killed another driver. *Id*. at 769. The deputy entered a guilty plea for reckless driving. *Id*. In a subsequent civil suit against the county sheriff for wrongful death, the plaintiff argued that the sheriff was judicially estopped from disputing liability, given the deputy's admissions in his criminal proceedings. *Id*. The trial court applied judicial estoppel and granted partial summary judgment to the plaintiff against the sheriff as to liability. *Id*. The trial court concluded that the sheriff and deputy were in privity because the deputy was

8

acting within the course and scope of his employment at the time of the accident. *Id*. at 771.

   *Carrigg* reversed. The court concluded that the application of judicial estoppel of the deputy's statements from the plea agreement to the sheriff was improper, as the sheriff and deputy did not stand in privity for purposes of judicial estoppel. *Id*. at 770. *Carrigg* explained that question of privity deals with "a person's relationship to the subject matter of the previous litigation, not to the relationships between entities." *Id*. The trial court's analysis incorrectly focused on the relationship between the sheriff and deputy, rather than the sheriff's relationship to the previous lawsuit. *Id*. at 771.

   *Carrigg* reasoned that the deputy and sheriff did not stand in privity for purposes of judicial estoppel because the sheriff did not have a full and fair opportunity to litigate and be represented in the deputy's previous criminal proceeding. *Id*. The deputy's guilty plea was "entered on an individual basis, totally apart from his official duties as a deputy sheriff." *Id*. at 772. The sheriff had no control over the deputy's decision to enter a guilty plea and had no control over what the deputy said during his plea colloquy. *Carrigg* concluded that judicial estoppel did not apply under these circumstances due to the lack of privity between the sheriff and the deputy's underlying criminal action.

Similarly, here, Valley County does not stand in privity with Strommen's criminal proceeding and guilty plea in the context of judicial estoppel. Strommen had an opportunity to fully litigate his claims in the previous criminal proceeding. Valley County was not afforded the same opportunity. Valley County was not a party to Strommen's plea agreement with the State of Montana. Valley County had no opportunity to present evidence, arguments, or cross-examine Rodgers during Strommen's criminal proceedings. Valley County further had no control over Strommen entering a guilty plea and had no control over what facts to which Strommen admitted during his plea colloquy. "[Strommen] was representing his own personal interests and not acting as an official representative of [Valley County] while entering his guilty plea." *Carrigg*, 552 S.E. 2d at 772. The Court determines that Valley County's interests were not adequately represented in Strommen's previous judicial proceedings to find privity in this context and apply judicial estoppel against Valley County.

Although judicial estoppel proves inapplicable here as applied to Valley County, the Court notes that Valley County made concessions at the hearing regarding the factual assertions Strommen made during his plea colloquy. Valley County conceded it would not challenge that Strommen plead guilty to sexual intercourse without consent and would not dispute the facts to which Strommen admitted under oath at his change of plea hearing. Strommen admitted under oath

that the nonconsensual sexual encounters with Rodgers occurred on multiple occasions and in multiple locations, including Strommen's patrol car. The Court expects Valley County to abide by these representations at trial.

The question of whether Strommen's conduct at these various locations and times occurred within the course and scope of his employment with Valley County remains an undecided question. The particular circumstances of these sexual encounters and whether the acts occurred within the course and scope of Strommen's employment with Valley County will include additional facts to which Strommen did not testify during his plea colloquy. The determination of whether Strommen's sexual assault on Rodgers arose in the course and scope of his employment with Valley County will include analysis of the Restatement (Second) of Agency § 229 factors as outlined in *L.B. v. United States*, 2025 U.S. Dist. LEXIS 34792, at \*28-46 (D. Mont. 2025). This analysis will determine the legal relationship between Strommen and Valley County, not related to the question of privity in the context of judicial estoppel. The Court's determination that Strommen and Valley County did not stand in privity for purposes of judicial estoppel should not be construed as a determination that Strommen's conduct occurred outside the scope of his employment with Valley County.

The Court now will address Rodgers's request for summary judgment on various claims. The Court must determine whether the factual admissions made by

11

Strommen in his plea colloquy, that Strommen cannot contradict, undisputedly

establish the elements of each claim to entitle Rodgers to summary judgment.

### II.    Rodgers's claims against Strommen

### a.  Battery claim

Battery involves "an intentional contact by one person with the person of

another which is harmful or offense." *Bilbruck v. Valley Cnty*, 2024 U.S. Dist.

LEXIS 112829, at *14 (D. Mont. 2024) (quoting *Saucier v. McDonald's Rests. of

Mont*., Inc., 179 P.3d 481, 494 (Mont. 2008). Rodgers must establish the following

elements: (1) Strommen acted intending to cause a harmful or offensive contact

with Rodgers and (2) harmful or offensive contact resulted from Strommen's

conduct. *Id*. (citing *Point Serv. Corp. v. Myers*, 125 P.3d 1107, 1112 (Mont. 2005).

Consent to the contact bars recovery. *Saucier*, 179 P. 3d at 494 (citing

*Restatement (Second of Torts* § 982(A)(1)). The consent must be rendered by an

individual who has the capacity to consent. *Saucier*, 179 3d at 494 (citing

*Restatement (Second of Torts* § 982(A)(2) cmt. b)). A minor under the age of 16

does not have the legal capacity to consent to sexual intercourse. Mont. Code Ann.

45-5-501(1)(b)(iv).

The State of Montana charged Strommen with the crime of sexual

intercourse without consent because of Rodgers's age at the time of the offense

meant that Rodgers could not have legally consented to such sexual encounters.

Strommen unequivocally admitted during his plea colloquy that Rodgers had not consented to the sexual intercourse because Rodgers was 14 years old at the time. Whether Rodgers seemingly wanted to participate in the sexual acts and/or relationship with Strommen proves irrelevant.

Strommen's current position that Rodgers consented to the sexual intercourse in this civil action clearly conflicts with Strommen's position taken in his plea colloquy. "Do you admit that J.R. was incapable of consent because she was under 16 during the time of the events?" Strommen responded under oath, "Yes, Your Honor." (Doc. 76 at 2.) The Court finds the application of judicial estoppel especially warranted given the contradictory nature of Strommen's consent defense in this case. Any alleged consent given by Rodgers to engage in the sexual intercourse with Strommen remains legally invalid. Rodgers proved incapable of consenting as a matter of law. The Court prohibits Strommen from asserting that the sexual encounter with Rodgers were consensual, as Strommen admitted under oath during his plea colloquy that the sexual encounters were not consensual given Rodgers's age.

Strommen's factual admissions under oath undisputedly establish that Strommen committed battery on Rodgers. "A bodily contact is offensive if it offends a reasonable sense of personal dignity." *Restatement (Second) of Torts* § 19. A defendant's rape "clearly satisfies" the elements of an unlawful battery under

Montana law. *L.B. v. United States*, 2020 U.S. Dist. LEXIS 92610, at \*9 (D. Mont. 2020). *See also Glaze v. Deffenbaugh*, 172 P.3d 1104 (Idaho 2007) (citing *Neal v. Neal*, 873 P.2d 871, 876 (Idaho 1994) (holding that "rape is inherently a battery.")*; O'Rear v. Diaz*, 2025 U.S. Dist. LEXIS 11952, at \*9 (S.D. NY 2025) (establishing that under New York law "rape is an undisputed battery").

Strommen's admissions of having sexual intercourse without Rodgers's consent establishes that Strommen intended to make contact with Rodgers. Strommen's admission of having sexual intercourse without Rodger's consent establishes that the contact was harmful or offensive, as "touching without consent is always offensive." *Kobrick v. Stevens*, 2017 U.S. Dist. LEXIS 141694, at \*20 (M.D. Penn. 2017). Strommen's conduct of engaging sexual intercourse without Rodgers's consent to which Strommen admitted at the plea colloquy, undisputedly and clearly satisfies the elements of an unlawful battery under Montana law. *L.B.*, 2020 U.S. Dist. LEXIS 92610, at \*9. Rodgers is entitled to summary judgment in her favor on the battery claim against Strommen. The jury must determine the damages to be awarded to Rodgers on this claim.

**b. Intentional infliction of emotional distress claims**

Rodgers seeks summary judgment on her intentional infliction of emotional distress claim ("IIED") against Strommen. (Doc. 55 at 6.) Rodgers contends that

Strommen's factual admissions at his plea colloquy establish the elements of the

IIED claim. (*Id.*) The Court disagrees.

A plaintiff must show she has "suffered 'serious or severe' emotional

distress that was the reasonably foreseeable consequence of the defendant's

[intentional] act" to prove a claim of intentional infliction of emotional distress.

*Ray v. Wash. Nat'l Ins. Co.*, 190 F.R.D. 658, 663 (D. Mont. 1999) (quoting *Sacco*

*v. High County Indep. Press, Inc.*, 896 P. 2d 411, 428 (Mont. 1995). A plaintiff

must show that the emotional distress was so severe and serious that "no

reasonable person could be expected to endure it." *Feller v. First Interstate*

*Bancsystem, Inc.*, 299 P.3d 338 (Mont. 2013) (quoting *Sacco*, 896 P.2d 411, 426

(1995)).

None of the factual admissions by Strommen in his plea colloquy or

contained in Rodgers's testimony from trial, undisputedly establish that Rodgers

suffered serious or severe emotional distress, at this stage. The Court does not

doubt that Strommen's actions reasonably and foreseeably could have caused

emotional and mental distress to Rodgers. Rodgers must prove she suffered

emotional distress to succeed on her IIED claim. The jury remains the proper fact

finder to determine whether the emotional distress suffered by Rodgers as a result

of the sexual intercourse without consent was serious or severe. *See Lundeen v.*

15

*Lake Cnty.*, 571 P. 3d 995, 1001 (Mont. 2024). Factual questions remain. The Court denies summary judgment on the IIED claims.

### c. Punitive Damages against Strommen

Rodgers seeks summary judgment on her punitive damages claims against Strommen. (Doc. 55 at 5.) Punitive damages are available upon a showing by clear and convincing evidence that a defendant acted with actual fraud or malice. Mont. Code Ann. § 27-1-221(1) and (4). Actual malice requires proof that "the defendant has knowledge of facts or intentionally disregards facts that create a high probability of injury to the plaintiff and (a) deliberately proceeds to act in conscious or intentional disregard of the high probability of injury to the plaintiff or (b) deliberately proceeds to act with indifference to the high probability of injury to the plaintiff." Mont. Code Ann. § 27-1-122(2)(a)-(b).

Strommen's plea colloquy does not undisputedly establish that Strommen acted with actual malice. Strommen did not make any assertions that he had the knowledge he was causing injury to Rodgers and proceeded anyway. The Court, again, does not doubt that a reasonable jury may be able to conclude Strommen acted with malice. Rodgers has the burden of proving these facts at trial. The Court denies summary judgment on Rodgers punitive damages claim against Strommen.

### III.   Claims against Valley County: Negligent retention and negligent supervision claims against Valley County

16

Rodgers moves the Court for summary judgment on the element of Strommen's "incompetence" or "unfitness" under its negligent retention and supervision claims against Valley County. (Doc. 55 at 6.) Valley County argues that Strommen's plea colloquy does not establish as a matter of law that Strommen was "incompetent" or "unfit" for his position as an officer for Valley County. (Doc. 68 at 2.) Valley County argues that Rodgers's motion for summary judgment on its claims for negligent retention and supervision claims against Valley County must be denied. The Court agrees.

A claim for negligent hiring, supervising, or retaining an unfit employee "arises when, during the course of employment, the employer becomes aware or should have become aware of problems with an employee that indicated his unfitness, and the employer fails to take further action such as investigating, discharge, or reassignment." *Peschel v. City of Missoula*, 664 F. Supp. 2d 1149, 1168-69 (D. Mont. 2009) (quoting *Bruner v. Yellowstone County*, 272 Mont. 261, 269, 900 P.2d 901, 906 (1995) (Leaphart, J., dissenting)).

Summary judgment against Valley County appears inappropriate based solely on the facts admitted by Strommen in his previous criminal proceedings. Strommen did not admit during his plea colloquy that due to his actions, he was incompetent or unfit for his position at Valley County or that Valley County knew of Strommen's illegal conduct. The question of competency, fitness, and Valley

County's alleged knowledge of Strommen's misconduct remain factual disputes. The Court denies Rodgers's claim for summary judgment on the elements of incompetency or unfitness under the negligent retention and supervision claims against Valley County.

## ORDER

Accordingly, **IT IS ORDERED** that Rodgers's Motion for Partial Summary Judgment against Strommen (Doc. 54) is **GRANTED** in part and **DENIED** in part.

1. Luke Strommen is judicially estopped from contradicting the sworn factual admissions made by Strommen within his change of plea colloquy in the criminal case of *State of Montana v. Strommen*, No. DC 18-32.

    a. Luke Strommen pleaded guilty to sexual intercourse without Rodgers's consent on February 24, 2025.

    b. Luke Strommen admitted that the sexual intercourse without consent with Rodgers occurred on multiple occasions between September 1, 2009, and January 9, 2011.

    c. Luke Strommen admitted that the sexual intercourse with Rodgers was nonconsensual, as Rodgers was under the age of 16 years old at the time and incapable of consenting.

    d. Luke Strommen admitted that Rodgers's testimony regarding the sexual acts given at trial was truthful.

18

   e. Luke Strommen admitted that the sexual acts took place at his residence in Glasgow, Montana, a hotel room in Great Falls, Montana, his patrol car, his family car, and at a friend's cabin.

2. The Court anticipates that the parties will include Strommen's sworn factual admissions during his plea colloquy in the statement of undisputed facts in the proposed pretrial order.

3. Plaintiff is entitled to summary judgment on Count IV (Battery) against Defendant Luke Strommen.

4. Plaintiff is not entitled to summary judgment on Count VI (Intentional Infliction of Emotional Distress) and Count IX (Punitive Damages) against Defendant Luke Strommen.

5. Plaintiff is not entitled to summary judgment on the elements of Strommen's incompetency or unfitness under the Negligent Retention or Negligent Supervision claims against Valley County.

DATED this 23rd day of January, 2026.

Brian Morris, Chief District Judge
United States District Court