**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION**

| | |
|---|---|
| JANELLE RODGERS, | |
| Plaintiff, | **CV-20-105-GF-BMM** |
| vs. | |
| VALLEY COUNTY, LUKE STROMMEN, & JOHN DOES 1-3, | **ORDER ON MOTION FOR SANCTIONS ON THE SPOLIATION OF EVIDENCE** |
| Defendants. | |

**INTRODUCTION**

Plaintiff Janelle Rodgers filed a motion for sanctions for the spoliation of evidence. (Doc. 80.) Rodgers argues that the Court should impose the sanction of default for Defendant Valley County's ("Valley County") failure to produce an anonymous typewritten letter. (Doc. 81 at 7.) Rodgers requests the Court give an adverse instruction or prohibit Valley County's expert or witnesses from testifying as to the reasonableness of its actions in response to the letter as alternative sanctions. (*Id*. at 18.) Valley County opposes the motion. (Doc. 92.)

**BACKGROUND**

Strommen worked as a law enforcement officer for Valley County in Glasgow, Montana from 2009 until 2018. Rodgers alleged that Strommen sexually abused her for years, including encounters while Strommen was on duty as a law

enforcement officer for Valley County. (Doc. 1 ¶ 6.) Rodgers was under the age of 16 years old at the time. Strommen plead guilty to sexual intercourse without consent. (Doc. 55 at 1.) Strommen admitted that the sexual intercourse without consent occurred between September 1, 2009, and January 9, 2011. (Doc. 75 at 1.) Strommen agreed during his plea colloquy that the sexual encounters with Rodgers occurred in the following five places: (1) at Strommen's residence; (2) in a hotel room in Great Falls, Montana; (3) in Strommen's patrol car; (4) in Strommen's family car; and (5) at Strommen's friend's cabin. (Doc. 75 at 5.)

Former Valley County Sheriff, Glen Meier ("Sheriff Meier"), had his deposition taken on February 8, 2022. (Doc. 82 at 1.) Sheriff Meier referenced documents that were placed in Luke Strommen's employee file. (*Id*. ¶ 1.) Sheriff Meier indicated that Valley County had received an anonymous letter sometime in 2010. (*Id*.) Sheriff Meier reported that the anonymous letter allegedly referenced that a bystander had overheard two young girls in a bathroom at a basketball game discussing a sexual relationship between a sheriff's deputy and minor at Glasgow High School. (*Id*.) Sheriff Meier testified that he later determined that the letter was referring to Strommen. (*Id*. ¶ 3.)

Rodgers claims that, despite multiple requests to have Valley County produce this anonymous letter, Valley County has not provided it to Rodgers. (Doc. 81 at 2.) Rodgers's counsel met and conferred with Valley County's counsel regarding the

2

missing letter. (Doc. 82 at 3.) Valley County's counsel represented that Valley County was unable to locate the anonymous letter. (*Id.*) Rodgers further claims that Valley County has failed to explain the anonymous letter's disappearance. (*Id.*)

Rodgers alleges claims of negligent hiring, negligent retention, negligent supervision, negligent infliction of emotional distress, and vicarious liability against Valley County. (Doc. 1.) Rodgers asks the Court to enter default against Valley County as a sanction for the spoliation of the anonymous letter. (Doc. 81 at 7.)

## LEGAL STANDARD

A district court may sanction a party for spoliation of evidence under its inherent powers or pursuant to Rule 37 of the Federal Rules of Evidence. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). The party alleging the spoliation of evidence must establish that the other party destroyed or failed to preserve evidence and "had 'some notice that the documents were potentially relevant to the litigation before they were destroyed.'" *Ryan v. Editions Ltd. West, Inc.*, 786 F.3d 754, 766 (9th Cir. 2015) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002)).

"[C]ourts have discretion to employ a variety of sanctions, including monetary sanctions, evidentiary sanctions, civil contempt sanctions, and contempt sanctions." *MGA Ent., Inc. v. Harris*, 2:20-cv-11548-JVS-AGR, 2023 U.S. Dist. LEXIS 52931, at *4 (C.D. Cal. Jan. 5, 2023). Default represents a harsh sanction that should be

3

used only in extreme circumstances. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court must weigh the following factors before imposing such a harsh sanction: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Anheuser-Busch, Inc. v. Natural Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995). A court also must make a finding of "willfulness, fault, or bad faith" prior to imposing such a severe sanction. *Leon*, 464 F.3d at 958.

## DISCUSSION

Rodgers seeks sanctions against Valley County for the spoilation of the anonymous letter received by Sheriff Meier that indicated that a Valley County sheriff's deputy had been engaging in sexual contact with a high school girl. (Doc. 81 at 2.) Sheriff Meier testified in his deposition that he placed the letter in Strommen's file and that he had presumed the letter referred to Strommen. (Doc. 82 ¶ 1.) Valley County has been unable to produce the letter throughout the litigation.

Rodgers contends that her negligent supervision and negligent retention claims require her to prove that Valley County had notice of the improper behavior by Strommen. (Doc. 81 at 10.)  Rodgers contends that the anonymous letter proves paramount to proving that Valley County had notice of Strommen's inappropriate

4

behavior and the risk that he posed for young girls in the community. (*Id*. at 10-12.) Rodgers requests that the Court impose the extreme sanction of dismissal for Valley County's spoilation of this evidence. (*Id*. at 7.) In the alternative, Rodgers asks the court for an adverse jury instruction or order prohibiting Valley County's witnesses from testifying about Valley County's reasonableness in handling the anonymous letter. (*Id*. at 18.)

Sheriff Meier testified that he had received an anonymous letter indicating that a sheriff's deputy was having sex with an underage girl. The letter allegedly reported that the adult had overheard juvenile girls in the bathroom at a basketball game in Nashua discussing the sexual relationship between the sheriff's deputy and a minor at Glasgow High School. Sheriff Meier testified that he received the letter within the first two years of Strommen's employment and placed the letter and envelope in which it was sent in Strommen's file. Sheriff Meier indicated at one point that the envelope had a "Glasgow address" but later denied that the letter had any return address.

Valley County argues that the anonymous letter failed to identify the person who wrote the letter, the victim, Strommen, or the specific crime and failed to put Valley County on reasonable notice of potential litigation. (Doc. 92 at 7-8.) Valley County argues the letter's unreliability and irrelevancy to Rodger's claims due to the fact that the letter was unverified, anonymous, and a secondhand account of a

conversation overheard at a basketball game. (*Id.*) Valley County continues to argue that Sheriff Meier retracted much of his testimony that connected the anonymous letter to Strommen, including that Sheriff Meier placed the letter in Strommen's file. (*Id.* at 8.) Sheriff Meier now asserts in his affidavit that he did not connect that the letter was referring to Strommen at the time Valley County received the letter. (*Id.*; Doc. 92-1.)

The anonymous letter carries great probative value to Rodger's claims against Valley County. The parties appear to agree that the letter was sent sometime in 2010. This time period comports with Strommen's admission to his illegal sexual relationship with Rodgers between 2009 and 2011. (*See* Doc. 79 at 5; Doc. 75 at 3; Doc. 76-1.) The content of the letter, and whether the letter or the envelope contained any indication as to the author of the letter, would have been important to resolve Valley County's alleged negligence. The identities of the victim or suspect may not have been immediately clear from the anonymous letter. Sheriff Meier's testimony indicates, however, that employees of Valley County believed that Strommen was the sheriff's deputy identified in the letter.

The anonymous letter clearly holds probative value as to whether Valley County adequately investigated complaints against its officers, adequately supervised its employees, and had reason to know of Strommen's inappropriate conduct. Valley County argues that it did not learn of the anonymous letter's

6

existence until Sheriff Meier's deposition in February of 2022. (Doc. 92 at 6.) Sheriff Meier testified that he placed the letter into Strommen's employee file. (Doc. 82 ¶ 1.)  The letter appears to have been in Valley County's possession at some point. (*Id.*) Valley County employees, like Sheriff Meier, knew of the allegations against a Valley County employee. Valley County chose not to act in response to the letter. These facts do not foreclose the possibility that Valley County had acted negligently in making determinations to discipline or retain employees.

The anonymous letter represented allegations against an employee of Valley County that foreseeably could have resulted in litigation. The relevance of the anonymous letter to this litigation proved clear, as it directly relates to the issue of Valley County's notice of Strommen's illegal conduct. Valley County failed to preserve the letter. Valley County's failure to preserve the letter has made it more difficult for Rodgers to prove her claims against Valley County.

The loss of the anonymous letter prejudiced Rodgers. Rodgers no longer has physical evidence that Valley County knew, or should have known, about the sexual abuse by one its employees. Rodgers still can present the alleged contents of the letter at trial. Sheriff Meier disclosed the alleged contents of the letter in his deposition. Valley County contends it does not dispute the description of the letter's contents. (Doc. 92 at 10.) Rodgers still may argue that the undisputed description of the letter provided to Valley County should have put Valley County on notice of

Strommen's unlawful conduct. Rodgers may address her concerns with the conflicting testimony of Sherriff Meier between his deposition and affidavit on cross-examination. The Court declines to prohibit Valley County's witnesses from testifying as to the reasonableness of Valley County's actions in response to the letter.

Notably, the Court already has considered the spoliation of the same anonymous letter in *Bilbruck v. Valley County*, cv-21-40-GF-BMM, 2024 U.S. Dist. LEXIS 134620, at *13-19 (D. Mont. 2024). The Court in *Bilbruck* did a similar analysis to the argument and facts in connection with Strommen's unlawful sexual abuse of another young girl. *Id*. The Court found that the lack of evidence showing "willfulness, fault, or bad faith" of Valley County in the loss of the anonymous letter did not allow for the harsh sanction of dismissal. *Id*. at 19 (citing *Leon*, 464 F.3d at 958). The Court similarly noted, however, that the anonymous letter carried great probative value to the plaintiff's claims against Valley County. *Id*. at *17-18. The Court imposed the lesser sanction of an adverse instruction under the circumstances. *Id*. at 19. A similar sanction proves warranted. Valley County agrees that "the spoliation question before the Court remains identical" to *Bilbruck*. (Doc. 92 at 2.)

Like *Bilbruck*, dismissal proves too severe of a sanction as there exists insufficient evidence that Valley County took any affirmative steps to destroy the anonymous letter or acted in bad faith. The Court declines to impose the harsh and

8

extraordinary sanction of default. Less drastic sanctions remain available. The Court will grant a sanction in the form of an adverse inference instruction. The Court will instruct the jury that the jury may draw inferences against Valley County including but not limited to that the letter had been received during the time period in which Strommen has admitted that his sexual encounters with Rodgers had occurred and that the letter contained allegations about a Valley County sheriff's deputy having sex with an underage high school girl. The Court will solicit proposed adverse inference instructions from the parties closer to the time of trial.

## ORDER

Accordingly, **IT IS ORDERED** that Rodgers's Motion for Sanctions (Doc. 80) is **GRANTED,** in part and **DENIED,** in part. The Court grants sanctions for the destruction or failure to preserve the anonymous letter against Valley County. The Court finds that an adverse inference instruction represents the appropriate sanction, rather than the sanction of default against Valley County sought by Rodgers. The parties shall provide any proposed adverse inference instructions no later than 30 days before the scheduled trial date.

DATED this 26th day of March 2026.

_____
Brian Morris, Chief District Judge
United States District Court