IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

JANELLE RODGERS,

                Plaintiff,

vs.

VALLEY COUNTY, LUKE STROMMEN,
& JOHN DOES 1-3,

                Defendants.

**CV-20-105-GF-BMM**

**ORDER ON MOTION FOR
SUMMARY JUDGMENT**

## INTRODUCTION

Plaintiff Janelle Rodgers filed a motion for partial summary judgment on the application Restatement (Second) of Agency § 214. (Doc. 83.) Defendant Valley County ("Valley County") opposes the motion. (Doc. 93.) Defendant Luke Strommen ("Strommen") also opposes the motion. (Doc. 90.) The Court now denies the motion.

## BACKGROUND

Rodgers filed a complaint against Strommen and Valley County on November 20, 2020. (Doc. 1.) Rodgers alleges that Strommen first sexually abused Rodgers while she stayed in a hotel room with Strommen and his family. (*Id*. ¶ 5.) Rodgers further alleges that Strommen continued to sexually abuse Rodgers from September 2009 until January 2011 when Rodgers moved to Havre, Montana. (Doc. 91 ¶ 3.)

1

Rodgers alleges that some of the sexual encounters occurred while Strommen was on duty as a law enforcement officer for Valley County in Glasgow, Montana. (Doc. 1 ¶ 6.) Strommen admitted that the sexual intercourse without consent with Rodgers occurred at the following locations: (1) Strommen's residence; (2) Strommen's personal family vehicle; (3) a hotel room in Great Falls, Montana; (4) Strommen's patrol car; and (4) Strommen's family cabin. (Doc. 91 at 2.)

Valley County terminated Strommen's employment on October 29, 2018. Rodgers first reported Strommen's sexual abuse to law enforcement on November 7, 2018. (Doc. 91 ¶ 10.) The state of Montana criminally charged Strommen for sexual intercourse without consent. Strommen entered into a plea agreement on the charge of sexual intercourse without Rodgers's consent on February 17, 2025. (Doc. 55 at 1.) Strommen plead guilty to one count of sexual intercourse without consent and was sentenced on August 25, 2025. (Doc. 58 at 1.)

Rodgers brought the following claims against Strommen's employer, Valley County: negligent hiring, negligent supervision, negligent retention, negligent infliction of emotional distress, vicarious liability, and punitive damages. (Doc. 1.) Rodgers alleges that the sexual intercourse without consent occurred within the course and scope of Strommen's employment with Valley County. (*Id.*) Rodgers also argues that Valley County failed to perform a non-delegable duty of care to

Rodgers. (Doc. 84 at 4.) Rodgers requests the Court extend Valley County's liability under the Restatement (Second) of Agency, § 214. (*Id*. at 5.)

## LEGAL STANDARD

Summary judgment proves appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine material fact dispute requires sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*. at 248.

## DISCUSSION

Rodgers argues that Valley County and Strommen owed Rodgers duties of protection because of Rodgers's status as a minor. (Doc. 84 at 2.) Rodgers argues that Valley County and Strommen had obligations promptly to report Strommen's sexual abuse of Rodgers to the Department of Health and Human services pursuant to Mont. Code Ann. § 41-3-201(1) and (2)(g). (*Id*.) Rodgers contends that Mont. Code Ann. § 41-3-201(1) creates a non-delegable duty of protection for Valley County and that Valley County cannot "escape liability by shifting blame onto Strommen." (*Id*.)

3

The Montana Supreme Court has adopted § 214 of the Restatement Second of Agency. *Paull v. Park County*, 218 P.3d 1198, 1205 (Mont. 2009). Section 214 of the Restatement Second of Agency provides as follows:

> [a] master or other principal who is under a duty to provide protection for or to have care used to protect others or their property and who confides the performance of such duty to a servant or other person is subject to liability to such others from harm caused to them by the failure of such agent to perform the duty.

*Id*. at 1205. Section 214 operates as an exception to the general rule that an employee must be acting within the scope of employment for the employer to be liable for the employee's conduct. *Smith v. Ripley*, 446 F. Supp. 3d 683, 688 (D. Mont. 2020). Section 214 holds an employer liable for actions taken by an employee outside the scope of their employment where the employer maintains a non-delegable duty. *Id*.

Rodgers argues that Valley County had a non-delegable duty to protect Rodgers pursuant to Mont. Code. Ann. § 41-3-201. Mont. Code Ann. § 41-3-201(1) requires that [a peace officer or other law enforcement official] who "know[s] or ha[s] reasonable cause to suspect . . . that a child is abused" must "report the matter promptly to the [Montana Department of Health and Human Services]." Rodgers argues that the Montana legislature adopted this mandatory reporting statute for the health, welfare, and protection of minors who were being abused by people responsible for the minor's care and protection. (Doc. 84 at 2 (citing Mont. Code Ann. § 41-3-1010(1)(a)).

4

The Montana Supreme Court has applied the § 214 exception where an agent's deliberate reckless driving during the transportation of a prisoner resulted in harm to the prisoner. *Paull*, 218 P.3d at 1205. Section 214 also has been applied where a child protection specialist raped a mother subject to abuse and neglect proceedings, *Smith v. Ripley*, 446 F. Supp. 3d at 690–92, and where a railroad sleeper car attendant raped a passenger. *Shepherd v. Amtrack*, CV 17-40-GF-BMM, 2018 U.S. Dist. LEXIS 226726, at *4–5 (D. Mont. Aug. 15, 2018). *Shepherd* turned primarily on the railroad's duty as a common carrier. *Id*. *Smith* and *Paull* relied heavily on the significant and continuing relationship between the employer and the victim of the agent's conduct. *Smith*, 446 F. Supp. 3d at 691, n.5; *Paull*, 218 P.3d at 1205. *Smith* and *Paull* both relied on compact or statute language that explicitly obligated duties to the employer of the agent, the state of Montana.

The Court declined to apply § 214 in *Bilbruck v. Valley County*, cv-21-40-GF-BMM, 2024 U.S. Dist. LEXIS 116821, at *5-6 (D. Mont. 2024). The victim in *Bilbruck* and Strommen had engaged in a sexual relationship for several months, including encounters while Strommen was both on and off duty as a law enforcement officer for Valley County. *Id*. at 2-3. Strommen's relationship with the victim in *Bilbruck* began when Strommen detained and transported the victim to the detention center. *Id*. The victim reached out to Strommen following her arrest to obtain her car keys and the two's relationship continued. *Id*. at 3. The Court denied application of

§ 214 as genuine issues of material facts remained "as to whether Bilbruck was on probation, acting as a witness, or under investigation" to establish a relationship with Valley County. *Id*. at 6.

The facts differ significantly from *Smith*, *Paull,* and *Bilbruck*. The pertinent distinction hinges on the relationship between the agent and the victim. The victims in *Smith* and *Paull* had a "significant and continuing" relationship with the agent because they remained under the care, supervision, and protection of the state of Montana which gave rise to the non-delegable duty. Genuine issues of material fact existed on whether the victim in *Bilbruck* and Valley County had a continuing relationship because Strommen and the victim's relationship began during a custodial arrest.

Rodgers has failed to establish that Rodgers had any relationship with Valley County. Rodgers's and Strommen's relationship began when she started babysitting Strommen's children. Rodgers's relationship with Strommen did not begin while she was receiving Valley County services, in Valley County's custody, or being subject to law enforcement investigation. (Doc. 93 at 7-8.) No evidence exists that Valley County supervised, cared for, or had obligations as to Rodgers, beyond the general obligations it owed to the community members residing in Valley County.

Rodgers contends that "[b]ecause Strommen is the perpetrator of the sexual abuse of Rodgers, he certainly has knowledge of the abuse . . . The statute creates a

6

non-delegable duty created by virtue of his employment with Valley County." (Doc. 84 at 8.) The Court disagrees. Strommen may have had a basis to report the sexual abuse of Rodgers because he certainly knew of his unlawful actions. (Doc. 84 at 8.) The Court finds that because Strommen was the perpetrator of abuse, however, only Strommen's knowledge of the abuse cannot create a non-delegable duty on Valley County. The statute on which Rodgers relies, Mont. Code Ann. § 41-3-201, plainly requires law enforcement officers themselves to report suspected child abuse to the department. Mont. Code Ann. § 41-3-201 does not appear to extend the same duties to a local county who employs the law enforcement officers. Rodgers does not argue that Valley County itself held a duty under Mont. Code Ann. § 41-3-201 to report the sexual abuse.

Strommen argues that he had no duty to report under the version of Mont. Code Ann. § 41-3-201, in effect during the time of the sexual abuse of Rodgers (September 2009 to January 2011). (*See generally* Doc. 90.) The Court does not reach the issue on what version of Mont. Code Ann. § 41-3-201 applies. Rodgers's summary judgment argument fails even when the Court applies the most recent version of the statute that extends child abuse reporting requirements to circumstances of abuse that occurred by someone not caring for the minor.

Rodgers has failed to demonstrate that Valley County owed her a non-delegable duty under Mont. Code Ann. § 41-3-201. The Court declines to award

7

summary judgment on the application of § 214 where Rodgers's relationship with Valley County, if any, stemmed solely from the sexual abuse of Valley County's employee, Strommen. Rodgers provided no evidence that Rodgers and Valley County had a significant and continuing relationship. Even had Rodgers established a sufficient relationship between Rodgers and Valley County, Rodgers failed to provide evidence of when Valley County was put on notice of Strommen's unlawful conduct to trigger the mandatory reporting statute of Mont. Code Ann. § 41-3-201. Valley County alleged to have no knowledge of the sexual abuse until 2018 when Rodgers reported the sexual abuse to law enforcement. (Doc. 94 at 11.)

The Court notes that its denial to apply § 214 and extend Valley County's vicarious liability under these circumstances in no way should be construed as a determination that Strommen's conduct and sexual abuse of Rodgers occurred outside the scope of his employment with Valley County. The question remains under Restatement (Second) of Agency § 229 whether Strommen's sexual assault on Rodgers arose in the course and scope of his employment with Valley County. *L.B. v. United States*, 807 F. Supp. 3d 1199, *1212-20 (D. Mont. 2025).

## ORDER

Accordingly, **IT IS ORDERED** that Rodgers's Motion for Partial Summary Judgment (Doc. 83) is **DENIED**.

DATED this 2nd day of April 2026.

Brian Morris, Chief District Judge
United States District Court